WENTWORTH, Judge.
Appellants challenge escape convictions for unauthorized absence from Duval House and Duval Hall, juvenile detention facilities of the Florida Department of Health and Rehabilitative Services. The houses are de *365 scribed in the record as halfway houses, in contrast with the Jacksonville Youth Development Center found in a recent decision (R. R. et al. v. State, 39 FLW 1874 (Fla. 1st DCA, 1980)) to be a “training school” within the meaning of the provision of § 39.112, Florida Statutes, penalizing
an escape from any training school or secure detention facility maintained for the treatment, rehabilitation, or detention of children who are alleged or found to have committed delinquent acts or violations of law .... (e.s.)
The record in the present case also indicates JYDC is listed as a recently qualified training school in proposed administrative rules defining that term, and was considered by HRS witnesses to be a facility within that term under the statute in question, while halfway houses such as Duval Hall and House were not so classified based on the nature of the activities conducted and the juveniles assigned to such facilities.
The statute is clearly penal in nature and must therefore be strictly construed. See § 775.012(1), Florida Statutes. The circuit judges determined, and appellees concede, that Duval Hall and Duval House are not secure detention facilities within the ambit of § 39.112; however, based on testimony that the residents receive educational opportunities within the community and “training” in basic personal conduct to reenter society, the judges found that the facilities are training schools despite the testimony of various HRS representatives that the facilities are in the nature of halfway houses and are not training schools as the term is used administratively.
The position is of course arguable that a literal application of the statutory term in question would include halfway houses along with every residential facility under departmental control, and that the proffered administrative definition may limit “training school” to places which would probably be covered even if the statute referred only to secure detention facilities. Equally tenable, however, would be an argument that the legislative prescription is subject to an “ejusdem generis” rule, so that it might be construed to refer to “any training school or [other] secure detention facility maintained for” certain - broadly stated purposes. Before resorting to such abstract speculation to define the statute out of context, we look first to other portions of the enactment as well as to administrative usage prior and subsequent to the act.
The legislative act creating § 39.112 also amended § 39.01(10), Florida Statutes, defining “community control” as a program “in lieu of commitment to the custody of the department in a training school, halfway house or other residential program of the department.” [e.s.] We therefore conclude that the legislature intended to distinguish training schools from the department’s other residential programs such as the halfway houses described in the record in this case.
In administrative rules effective prior to the enactment of Chapter 78^114, Laws of Florida (1978), HRS listed its various training schools; Duval Hall and Duval House are not listed. See Chapter 10H-103(7), Florida Administrative Code. And the legislature has recently enacted § 39.01(36), Florida Statutes (1980), defining “training school” by listing the various such facilities; Duval Hall and Duval House are not mentioned in this statute. See Chapter 80-290, Laws of Florida (1980). While these provisions, like contemporary administrative usage, do not definitively control the issue in the present case, see R. P. et al. v. State, supra, they may be considered for the purpose of statutory construction. Chapter 10H-1.03(7), Florida Administrative Code, was an existing rule when the legislature enacted § 39.01(10) and § 39.112, Florida Statutes; the legislature is thus presumed aware of the definition of “training school” in Chapter 10H-1.03(7), Florida Administrative Code. And while § 39.01(36) was enacted subsequent to the orders appealed, this provision is definitional in nature and may be considered as expressing the prior legislative intent.
The record in the present case indicates that Duval Hall and Duval House are *366 facilities in the nature of halfway houses and not “training schools” as that term is used in Chapter 39, Florida Statutes. Section 39.112, Florida Statutes, is thus inapplicable, and appellants’ motions to dismiss should have been granted.
We therefore reverse and remand for further proceedings consistent herewith.
ERVIN and SHAW, JJ., concur.